FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

APR 1 6 2008

JAMES N. HATTEN, Clerk
By: /s/ Newell
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| WENDELL BROWN, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| LT. REYNOLDS, | : | CIVIL ACTION NO. |
| SGT. MARSHALL, | : | 1:08-CV-0907-TWT |
| D.O. DORSEY, | : | |
| Defendants. | : | |

## ORDER and OPINION

Plaintiff, Wendell Brown, previously was granted <u>in forma pauperis</u> status in this civil rights action, and the matter is now before the Court on the complaint[1] for screening pursuant to 28 U.S.C. § 1915A.

### I.   28 U.S.C. § 1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who

---

[1] (<u>See</u> Doc. No. 1.) <u>See also</u> Complaint, <u>Goggins v. Fulton County Jail</u>, 1:07-CV-3126-TWT (N.D. Ga. Mar. 11, 2008).

AO 72A
(Rev.8/82)

is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., "the factual allegations are clearly baseless," "the legal theories are indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, _ U.S. _, _, 127 S. Ct. 1955, 1964-65 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by

2

the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II. Discussion

Plaintiff brings this action against the Fulton County Jail, Lieutenant Reynolds, Sergeant Marshall, and Detention Officer Dorsey and complains of (1) November 9 and 13, 2007, strip searches that were carried out – without explanation, need, or cause – in a degrading manner and (2) threats to perform further strip searches if and when the officers feel like it. See Complaint, Goggins, 1:07-CV-3126-TWT.

### A. Claims Against Fulton County Jail

A facility such as a Jail generally is not considered a legal entity amenable to suit. See Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) (holding that county jails are not legal entities amenable to suit); see also Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit); Shelby v. City of Atlanta, 578 F. Supp. 1368,

3

1370 (N.D. Ga. 1984) (holding that a department that is "merely the vehicle through which the [local] government fulfills its policing functions . . . is not an entity subject to suit"). Legal capacity to be sued is determined according to state law, Dean, 951 F.2d at 1214-15, and, based on Georgia law, the undersigned finds no basis for allowing Plaintiff to sue the Fulton County Jail.

### B. Claims Against the Officers

Prisoners retain limited Fourth Amendment rights, i.e., prisoner searches must be reasonable under the totality of the circumstances, "weighing the degree to which the search intrudes on an individual's privacy against the degree to which it promotes a legitimate governmental interest." Padgett v. Donald, 401 F.3d 1273, 1278-80 (11th Cir. 2005). Further, it is clearly established that "prisoners retain a constitutional right to bodily privacy" in regard to strip searches. See Fortner v. Thomas, 983 F.2d 1024, 1030 (11th Cir. 1993). The Constitution requires that any impingement of that right be "reasonably related to legitimate penological interests," as discussed in Turner v. Safley, 482 U.S. 78, 89-91 (1987). Fortner, 983 F.2d at 1030. An abusive strip search is not reasonable. See Bell v. Wolfish, 441 U.S. 520, 560 (1979) (discussing pretrial detainee strip searches and stating, "abuse cannot be condoned. The searches must be conducted in a reasonable manner."). Further an officer who is present and fails to

4

"take reasonable steps to protect the victim of another officer's [abusive conduct] can be held personally liable for his nonfeasance." Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002) (discussing liability for failure to protect from "another officer's use of excessive force").

For the purpose of a § 1915A frivolity review, Plaintiff's allegations – that he was subjected to a strip search without justification or cause and threatened with further strip searches if and when the officers felt like it – are sufficient to state a claim of the violation of his constitutional rights. Accordingly, Plaintiff shall be allowed to proceed on his claims against the named officers.

### III. Conclusion

Because this action was transferred from Goggins, 1:07-CV-3126-TWT, the Clerk of Court is **DIRECTED** to file, as the complaint in the instant action, a copy of the complaint in Goggins, 1:07-CV-3126-TWT.

**IT IS ORDERED** that Fulton County Jail is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that this action is **ALLOWED TO PROCEED** as any other civil action.

The Clerk is hereby **DIRECTED** to send Plaintiff a USM 285 form and summons for Defendants and the initial disclosures form. Plaintiff is **DIRECTED** to

complete a USM 285 form and summons for each Defendant and to complete the initial disclosures form. Plaintiff is **DIRECTED** to return the completed material to the Clerk of Court within twenty (20) days from the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include, for each Defendant, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint (see supra directive to file complaint from Goggins, 1:07-CV-3126-TWT), one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 form(s) and the summons(es).

Upon completion of the service waiver package(s), the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form

and to mail the service waiver package(s) to each Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each Defendant who failed to return an executed waiver form. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve each Defendant who failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendants or their counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendants or their

counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendants advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

This case **SHALL PROCEED** on a four (4) month discovery track, beginning thirty (30) days after the first appearance of a Defendant by answer to the complaint, subject to extension by motion filed prior to the expiration of that discovery period. See N.D. Ga., LR 26.2.A. & B.

**IT IS SO ORDERED,** this _15_ day of _April_, 2008.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

8

AO 72A
(Rev.8/82)